IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | | |
|---|---|---|
| TAVARIOUS YOUNG, #203 891 | * | |
| Plaintiff, | * | |
| v. | * | 2:09-CV-211-TMH |
| | | (WO) |
| MATTHEW TEAGUE, ATTORNEY AT LAW, | * | |
| | * | |
| Defendant. | | |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Plaintiff, an inmate incarcerated at the Kilby Correctional Facility, complains that Defendant, Matthew Teague, failed to represent him in a matter before the Alabama Board of Pardons and Paroles despite agreeing to handle the case. Plaintiff seeks return of the $1,350.00 retainer paid to Defendant pursuant to his agreement to represent Plaintiff before the parole board. Upon review of the complaint, the court concludes that dismissal of the complaint prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

**I. FACTS**

In April 2006 Plaintiff retained attorney Barry Teague to represent him in a matter before the Alabama Board of Pardons and Parole. However, Mr. Teague unfortunately passed

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

away in 2006 and his son, Matthew Teague, took over the family law firm. Plaintiff asserts that Defendant Teague agreed to continue representing him before the parole board. In 2007 Plaintiff wrote to Defendant Teague concerning the matter of his continued representation of Plaintiff in the parole board matter but he complains that Defendant Teague remains unresponsive. Accordingly, Plaintiff requests that Defendant Teague be directed to refund the amount he paid to the law firm to represent him. (*Doc. No. 1*.)

## II. DISCUSSION

To obtain relief under 42 U.S.C. § 1983, a plaintiff must prove two elements: (1) a deprivation of a right secured by the Constitution and laws of the United States, and (2) a deprivation of that right by the defendant acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988); *Parratt v. Taylor*, 451 U.S. 527 (1981). Plaintiff's claims against retained counsel lack an arguable basis in law. It is well established that private attorneys do not act under color of state law when representing individuals in judicial proceedings. *See Mills v. Criminal Dist. Court No. 3,* 837 F.2d 677, 678 (5th Cir.1988) ("[P]rivate attorneys, even court-appointed attorneys, are not official state actors and . . . are not subject to suit under section 1983."); *Russell v. Millsap,* 781 F.2d 381, 383 (5th Cir.1985) (retained counsel does not act under color of state law). Accordingly, Plaintiff's complaint against Defendant Teague is due to be dismissed under § 1915(e)(2)(B)(i). *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

To the extent that Plaintiff's complaint may be considered to contain a state law malpractice claim against Defendant Teague under the doctrine of pendent jurisdiction, the

claim is also due to be dismissed. In the posture of this case, exercise of the court's supplemental jurisdiction would be inappropriate.

For a federal court to exercise pendent or supplemental jurisdiction over state law claims, "the court must have jurisdiction over a substantial federal claim and the federal and state claims must derive from a 'common nucleus of operative fact.'" *L.A. Draper and Son v. Wheelabrator Frye, Inc.*, 735 F.2d 414 (11th Cir. 1984) (quoting *Jackson v. Stinchcomb*, 635 F.2d 462, 470 (5th Cir. 1981), quoting *United Mine Workers v. Gibb*, 383 U.S. 715, 725 (1966)). The exercise of this jurisdiction is discretionary. *United Mine Workers*, 383 U.S. at 726. "If the federal claims are dismissed prior to trial, *Gibbs* strongly encourages or even requires dismissal of the state claims." *L.A. Draper and Son*, 735 F.2d at 428. In view of the court's resolution of the federal claim presented in the complaint, the pendent state law claim is due to be dismissed. *Gibbs,* 383 U.S. at 726 ("[I]f the federal claims are dismissed prior to trial . . . the state claims should be dismissed as well."); *see also Ray v. Tennessee Valley Authority*, 677 F.2d 818 (11th Cir. 1982).

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Plaintiff's complaint be DISMISSED with prejudice prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **April 15, 2009**. Any objections filed must specifically

identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 2nd day of April, 2009.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE