IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| TAVARIOUS YOUNG, #203 891 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:09-CV-211-TMH |
| | ) | (WO) |
| MATTHEW TEAGUE, | ) | |
| | ) | |
| Defendant. | ) | |

### **ORDER**

This cause is before the court on a Recommendation (*Doc. No. 5*) filed by the Magistrate Judge, which recommends dismissal of the complaint with prejudice prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). On April 15, 2009 Plaintiff filed an Objection. (*Doc. No. 6*.) Because Plaintiff has objected to the Recommendation, the court engages in a *de novo* review of the record.

Plaintiff files this complaint against attorney Matthew Teague. Plaintiff had previously retained Mr. Teague's father to represent him in a matter before the parole board. The elder Mr. Teague passed away and Defendant Teague, who took over the family law firm, agreed to continue representation of Plaintiff in the parole board matter. According to the complaint, Plaintiff contacted Defendant Teague concerning the matter of his continued representation of Plaintiff in the parole board case but complains that Defendant has and continues to be non-responsive. In filing this case, Plaintiff seeks return of the retainer paid to Defendant's law firm to represent him before the parole board.

Plaintiff argues in his objection that Defendant Teague should not be "removed from the purview of 42 U.S.C. § 1983" simply because he does not act under color of state law and requests dismissal of the complaint without prejudice.  The court finds, however, that the Magistrate Judge correctly dismissed this matter with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i) .

Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).  A claim is frivolous as a matter of law where, *inter alia,* the claim seeks to enforce a right which clearly does not exist. *Id.* at 327.  In a § 1983 action, a retained attorney does not act under color of state law, *see Slavin v. Curry,* 574 F.2d 1256, 1264 (5th Cir. 1979), *overruled on other grounds by Sparks v. Duval County Ranch Co.,* 604 F.2d 976 (5th Cir. 1979), a necessary element to state a claim under § 1983.  *Parratt v. Taylor,* 451 U.S. 527, 535 (1981), *overruled on other grounds by Daniels v. Williams,* 474 U.S. 327, 330-31 (1986).  Thus, although Plaintiff has not stated a viable cause of action against Defendant Teague in the complaint he filed in this court, such holding does not impact Plaintiff's ability to pursue potential remedies against Defendant at the state court level and/or with the appropriate bar association.

Accordingly, after an independent and *de novo* review of the record, it is the **ORDER, JUDGMENT, and DECREE** of the court that:

1.  Plaintiff's objection (*Doc. No. 6*) to the Recommendation of the Magistrate Judge filed on April 15, 2009 is overruled;

2. The Recommendation of the Magistrate Judge (*Doc. No. 5*) filed on April 2, 2009 is adopted;

3. Plaintiff's complaint is DISMISSED with prejudice prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

DONE, this 27th day of April 2009.

    /s/    Truman M. Hobbs
TRUMAN M. HOBBS
SENIOR UNITED STATES DISTRICT JUDGE